UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITA SCHROEDER,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIBER HOME LOANS, INC., *et al.*,<br><br>        Defendants. | No. 2:17-cv-00977-TLN-EFB<br><br>**ORDER GRANTING MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFF** |

      This matter is before the Court on GianDominic Vitiello's Motion for Leave to Withdraw as Counsel for Plaintiff. (ECF No. 12.) Mr. Vitiello currently represents Plaintiff Rita Schroeder ("Plaintiff"). No opposition has been filed. For the reasons set forth below, the Court hereby GRANTS Mr. Vitiello's motion.

      Pursuant to Local Rule 182, an attorney who has appeared before the Court may not withdraw and leave the client *in propria persona* "without leave of court upon noticed motion and notice to client and all other parties who have appeared." L. R. 182(d). The attorney must also provide an affidavit with the current or last known address of the client and his or her efforts to notify the client of the motion to withdraw. *Id.* California Rule of Professional Conduct 3-700(A) provides that an attorney shall not withdraw from employment in a proceeding unless (1) he or she requests permission from the tribunal to withdraw and (2) he or she "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client." CAL.

1

| | |
|---|---|
| 1 | RULES OF PROF'L CONDUCT R. 3-700(A).  Attorneys cannot request a withdrawal unless the |
| 2 | client's conduct "renders it unreasonably difficult for the [attorney] to carry out the employment |
| 3 | effectively" or "breaches an agreement or obligation to the member as to expenses or fees."  CAL. |
| 4 | RULES OF PROF'L CONDUCT R. 3-700(C).  District courts have discretion to decide whether to |
| 5 | permit counsel to withdraw.  *See La Grand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998). |

Mr. Vitiello provided a signed declaration stating he seeks to withdraw as counsel on the grounds that Plaintiff has violated the written retainer agreement by failing to cooperate during the course of the action and by failing to pay invoices.  (ECF No. 12 at 3.)  Mr. Vitiello detailed a number of attempts made to contact Plaintiff to inform her of his intent to withdraw unless communication and compliance improved.  (ECF No. 12 at 3.)  Mr. Vitiello argues Plaintiff has made it "unreasonably difficult" for him to serve "effectively."  (ECF No. 12 at 4.)  Further, Mr. Vitiello has shown that his withdrawal will not cause delay and his continued representation of Plaintiff may harm efficiency given the breakdown in their relationship.  (ECF No. 12 at 5.)  Mr. Vitiello has provided the Court with Plaintiff's last known address.  (ECF No. 13 ¶ 18.)

Mr. Vitiello's motion and declaration satisfy the requirements of Local Rule 182(d) and California Rules of Professional Conduct 3-700(A) and (C).  The parties are still at a relatively early point in the litigation, and it does not appear that either delay or prejudice will result from Mr. Vitiello's withdrawal.  *Canandaigua Wine Co., Inc. v. Moldauer*, 2009 WL 89141, at *4 (E.D. Cal. Jan. 14, 2009.)

Accordingly, the Court hereby GRANTS Mr. Vitiello's Motion for Leave to Withdraw as Counsel (ECF No. 12).  Pursuant to Local Rule 302, this matter is referred to the magistrate judge.  L.R. 302(c)(21).

IT IS SO ORDERED.

Dated: November 27, 2017

Troy L. Nunley
United States District Judge