UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITA SCHROEDER, <br><br> Plaintiff, <br><br> v. <br><br> CALIBER HOME LOAN, INC. et al., <br><br> Defendants. | No. 2:17-cv-977-TLN-EFB PS <br><br><br> FINDINGS AND RECOMMENDATIONS |

Defendants move to dismiss plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] ECF No. 5. For the reasons explained below, it is recommended that defendants' motion be granted in part and denied in part.[2]

I. <u>Factual Allegations</u>

In 2008, plaintiff obtained a loan, which was secured by a deed of trust, to purchase a house at 6332 Puerto Drive in Rancho Murieta, California (the "subject property"). Compl., ECF No. 1 ¶ 8, 10. The deed of trust was subsequently assigned to defendant U.S. Bank Trust, N.A.,

/////

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21).

[2] The court has determined that oral argument would not materially assist in the resolution of the pending motion and the matter was ordered submitted on the briefs. *See* E.D. Cal. L.R. 230(g).

1

as trustee for Volt RLP Asset Holding Trust ("U.S. Bank").  Defs.' Req. for Judicial Notice ("RJN"), Ex. 2.[3]

Sometime thereafter, plaintiff began experiencing financial trouble and defaulted on her loan obligations.  *Id.* ¶ 13.  In November 2015, defendant Summit Management Company ("Summit"), acting on behalf of the loan servicer, Caliber Home Loans, Inc. ("Caliber") recorded a Notice of Default, which reflects that plaintiff was in arrears in the amount of $154,332.95.  *Id.* at 32-34.  On February 3, 2016, a Notice of Trustee's Sale was recorded, scheduling a trustee's sale for March 8, 2017.  *Id.* ¶¶ 17-18.  The sale date was subsequently postponed to April 25, 2017.  *Id.* ¶ 18

On February 23, 2017, plaintiff submitted to Caliber a complete loan modification application.  *Id.* ¶¶ 19-20.  That application was denied on March 20, 2017.  *Id.* ¶ 21.  Plaintiff claims that it was wrongfully denied based on Caliber's refusal to consider monthly rental income that plaintiff receives in the amount of $1,400.  *Id.* ¶ 21.  On April 18, 2017, plaintiff appealed the denial of her loan modification application.  *Id.* ¶ 22.  Although the appeal was pending review, Caliber allegedly informed plaintiff that it intended to move forward with the April 25 trustee's sale.  *Id.* ¶ 23.

Less than a week before the scheduled sale, plaintiff filed the instant action, seeking damages and to enjoin the sale of the subject property.  The complaint alleges four claims for relief: (1) violation of the California Homeowner Bill of Rights ("HBOR"), California Civil Code § 2923.6(c) and (2) § 2923(e), (3) negligence, and (4) violation of California Business & Professions Code §§ 17200, *et seq.*  Plaintiff's HBOR claims are brought against all defendants and the third and fourth claims are brought against only Caliber.

/////

/////

---

[3] Defendants' request for judicial notice of documents recorded at the Sacramento County Recorder's Office is granted.  RJN Exs. A-E; *see* Fed. R. Evid. 201(b) (court may take judicial notice of publically recorded documents).  Defendants' request for judicial notice of a correspondence from Caliber to plaintiff (RJN Ex. F) is denied as consideration of the document is unnecessary for resolution of the pending motion.

## II. Rule 12(b)(6) Standard

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, dismissal is appropriate if the complaint lacks a cognizable legal theory or it fails to plead sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithem*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969). The court will "presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Plaintiff is proceeding without counsel and pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). But the Ninth Circuit has held that this less stringent standard for pro se parties must still be viewed in light of *Iqbal* and *Twombly*. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Further, the court's liberal interpretation of a pro se litigant's pleading may not supply essential elements of a claim that are not pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d

266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

In deciding a Rule 12(b)(6) motion to dismiss, the court may consider facts established by exhibits attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987), and matters of public record, including pleadings, orders, and other papers filed with the court, *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

III. Discussion

A. Tender

Defendants first argue that all of plaintiff's claims must be dismissed for failure to allege tender. ECF No. 5-1 at 9-10. Generally, "[a] full tender must be made to set aside a foreclosure sale." *Stebley v. Litton Loan Servicing, LLP*, 202 Cal. App. 4th 522, 526 (2011). "The purpose of the tender rule is to dismiss suits at an early stage, where, despite any irregularities in the lender's foreclosure activities, the borrower will ultimately have to pay the amount due on the loan, but cannot do so." *Majd v. Bank of America, N.A.*, 243 Cal. App. 4th 1293, 1306 (2015).

Plaintiff, however, is not seeking to set aside a foreclosure sale. Instead, the complaint's allegations show that she is attempting to obtain a loan modification, the purpose of which "is to avoid foreclosure despite the borrower being incapable of complying with the terms of the original loan. It would be contradictory to require the borrower to tender the amount due to the original loan in such circumstances." *Id*. Thus, plaintiff's failure to allege tender does not warrant dismissal of her complaint.

B. California Civil Code § 2923.6(c) & (e)

Plaintiff's first two claims allege that defendants engaged in "dual tracking" in violation of California Civil Code § 2923.6(c) and (e). ECF No. 1 at 17-21. Defendants argue that

plaintiff's first and second causes of action must be dismissed as the complaint's allegations demonstrate that defendants did not violate § 2923.6. ECF No. 5-1 at 10-13. Defendants further argue that the claim must be dismissed for failure to adequately allege that plaintiff suffered prejudice and that defendants did not adequately review her application. *Id.* at 11-12.

HBOR prohibits lenders from engaging in "dual tracking," which is the practice of advancing the foreclosure process while the borrower's application for a loan modification is pending review. Cal. Civ. Code § 2923.6(c)[4]. Section § 2923.6(c) provides that where a borrower has submitted an application for a loan modification, "a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the . . . loan modification application is pending." If the application is denied, the borrower is afforded 30 days to appeal the denial and provide evidence showing that the determination was incorrect. Cal. Civ. Code § 2923.6(d). When an appeal is pursued, "the mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or, if a notice of default has already been recorded, record a notice of sale or conduct a trustee's sale" until "15 days after the denial of the appeal . . . ." Cal. Civ. Code § 2923.6(e).

Here, the complaint fails to allege facts to establish that while plaintiff's application was pending defendants recorded a notice of default, recorded a notice of trustee sale, or conducted a trustee's sale in violated § 2923.6(c). Plaintiff submitted her application for a loan modification on February 23, 2017 (*id.* ¶¶ 19-20, 37), more than a year after the recording of the Notice of Default and nearly five months after the recording of the Notice of Trustee's Sale (*id.* at 32-39). Further, plaintiff does not allege that defendants conducted a trustee sale prior to the denial of her application on May 20, 2017. *Id.* ¶¶ 21. Indeed, plaintiff's opposition makes clear that a trustee's sale has yet to occur. ECF No. 6 at 8. Likewise, these allegations show that plaintiff's appeal was filed well after the recording of the Notice of Default and Notice of Trustee's Sale and that

---

[4] California Civil Code § 2923.6 was amended effective January 1, 2018. The prior version expressly covers events that took place between January 1, 2013, and January 1, 2018. *See* Cal. Civ. Code § 2923.6 (West 2013). As the underlying facts of this case took place before 2018, the prior version of § 2923.6 applies.

5

no foreclosure sale has occurred.  Accordingly, plaintiff also fails to state a claim for violation of § 2923.6(e).

In her opposition, plaintiff repeatedly emphasizes her allegation that Caliber informed her that it intended to move forward with the foreclosure sale, which was scheduled for April 25, 2017.  ECF No. 6 at 8; *see* ECF No. 1 ¶ 23.  The allegation, even if true, fails to establish a violation of a violation of California Civil Code § 2923.6(c) and (e).  The text of the statute prohibits the act of conducting a trustee's sale.  Caliber's intentions are irrelevant given that it did not go forward with the trustee's sale.

Accordingly, plaintiff fails to state a claim for violation of § 2923.6(c) & (e).  Furthermore, the complaint's allegations and the concessions in plaintiff's opposition firmly establish that there was no violation of the § 2923.6.  Thus, plaintiff's two first two claims must be dismissed without leave to amend.  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se plaintiff leave to amend, leave to amend should not be granted where it appears amendment would be futile).

C. <u>Negligence</u>

Plaintiff's third cause of action alleges that defendant Caliber was negligent in reviewing and denying her application for a loan modification.  ECF No.  ECF No. 1 at 22-26.

To prevail on her negligence claim, plaintiff must establish that (1) Caliber owed her a duty of care, (2) Caliber breached that duty, and (3) and that the breach was the proximate cause of plaintiff's injury.  *Alvarez v. BAC Home Loans Servicing, L.P.*, 228 Cal. App. 4th 941, 943 (2014).  The general rule is that "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."  *Nymark v. Heart Fed. Sav. & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991).  However, "[t]here is little consensus among California's intermediate appellate courts whether, under certain circumstances, a lender has a duty of care to individual borrowers in discussing home loan modifications."  *1617 Westcliff LLC v. Wells Fargo Bank, N.A.*, 686 F. App'x 411, 416 (9th Cir. 2017).

/////

6

In one line of cases, courts have found that financial institutions do not owe a duty of care to borrowers seeking loan modifications because "a loan modification is the renegotiation of loan terms, which falls squarely within the scope of a lending institution's conventional role as lender of money." *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49 (2013). Other courts have disagreed, instead finding that under certain circumstances a lender owes a duty of care to borrowers. *See Alvarez*, 228 Cal. App. 4th at 948-50 (holding that a lender that allegedly agreed to consider a loan modification owed the borrower a duty of care).[5]

Caliber urges the court to follow *Lueras* and its progeny, while plaintiff argues that the reasoning in *Alvarez* is more sound. The court need not decide the issue because, even if Caliber owed plaintiff a duty of care, the complaint fails to sufficiently allege the breach of that duty. Plaintiff's negligence claim is based largely on a list of vague and conclusory allegations that fail to give Caliber sufficient notice of the factual basis for plaintiff's claim. For instance, plaintiff claims that Caliber negligently failed to: process sensitive financial documents, take steps to rectify issues it created, process plaintiff's application with the requisite care, retain possession of time-sensitive documents, meaningfully responds to plaintiff's loan modification and appeal, review plaintiff's application in a timely manner, keep accurate and diligent records, and "various other acts of negligence according to proof." ECF No. 1. These allegations amount to little more than a boiler list of virtually every conceivable way in which a financial institute could act negligently in reviewing an application for a loan modification. The allegations fail to identify the specific conduct that is the basis for plaintiff's negligent claim, thereby depriving Caliber of

---

[5] The split is not merely among the California Appellate courts. In this district, the judges are also divided over whether a lender owes a duty of care to borrowers seeking loan modifications. *See Martinez v. Flagstar Bank, FSB*, Civ. No. 2:15-1934 KJM CKD, 2016 WL 3906810, at *8 (E.D. Cal. July 19, 2016) (adopting the reasoning of *Alvarez* and finding that defendant owed a duty); *Meixner v. Wells Fargo Bank, N.A.*, 101 F. Supp. 3d 938 (E.D. Cal. 2015)(Nunley, J.) (same); *but see Shupe v. Nationstar Mortgage LLC*, 231 F. Supp. 3d 597, 693-06 (E.D. Cal. 2017) (England, J.) (finding no duty of care owed during loan modification process); *Ryan-Beedy v. Bank of New York Mellon*, 2018 WL 1014455, at *7 ("[T]his court has remained unpersuaded that financial institutions, even in the case of a loan modification, owe a duty of care to borrowers."); *Moore v. Freedom Mortg. Corp.*, 1:17-cv-628-LJO-EPG, 2017 WL 2633411, at *4-5 (E.D. Cal. June 19, 2017) (observing that the Ninth Circuit's holding in *Anderson* "strongly suggested that imposing a duty on a lender for its conduct related to processing (or not) a loan modification application is not justified when the borrower's conduct requires the modification," and holding that lender owed no duty to borrower).

7

fair notice of the grounds upon which plaintiff's negligent claim rests. *See Twombly*, 550 U.S. at 555; *see also Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 ("Dismissal can be based on . . . the absence of sufficient facts alleged under a cognizable legal theory.").

The only specific allegation of negligence asserted against Caliber is that it improperly failed to consider plaintiff's monthly rental income of $1,400. That allegation, however, is belied by documents appended to the complaint. Exhibit E to the complaint is plaintiff's appeal of the denial of her application for a loan modification, in which she argues that Caliber "did not include [her] rental income." As evidence of that income, plaintiff attaches a copy of a rental agreement and a check in the amount of $1,000. The check is dated March 29, 2017, while the rental agreement is dated April 16, 2017, the date plaintiff submitted her appeal. ECF No. 1 at 59-63. As plaintiff's application was denied on March 20, 2017, these documents could not have been submitted with plaintiff's application. While they were included with plaintiff's appeal, plaintiff filed his complaint while the appeal was pending. Thus, plaintiff's contention that Caliber was negligent in not consider her rental income is without merit. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998) (a court may disregard allegations contradicted by the complaint's attached exhibits).

Accordingly, plaintiff's negligence claim must be dismissed for failure to allege that Caliber breached a duty of care. Because it is not clear whether plaintiff could cure the claim's defect, the dismissal should be with leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).

D.  Business and Professions Code §§ 17200, *et seq.*

Plaintiff's last claim seeks relief for defendant Caliber's alleged violation of California's Business and Professions Code §§ 17200, *et al.* ECF No. 1 at 27-29.

California's Unfair Competition Law, section 17200, prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Section 17200 incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law. *Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th

Cir. 2000). Violation of almost any federal, state or local law may serve as the basis for a Section 17200 claim. *Saunders v. Super. Ct.*, 27 Cal. App. 4th 832, 838-39 (1994).

Plaintiff's § 17200 claim is predicated on her contention that Caliber violated the HBOR. *See* ECF No. 1 ¶ 81 (alleging that "Caliber has engaged in unlawful conduct through violations of Civil Code § 2923.6."), ¶ 88 ("Through unlawful conduct, Defendant Caliber has obtained money from Plaintiff . . . ."); *see also* ECF No. 6 (Pl.'s Opp'n) at 13 (arguing that the complaint states a claim under § 17200 because "Plaintiff has alleged a failure on behalf of Defendants to act as required by HBOR."). As explained above, plaintiff's other claims must be dismissed for failure to state a claim. Accordingly, she also fails to state a § 17200 claim predicated on unlawful business practices. *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1190 (N.D. Cal. 2009) ("[S]ince the court has dismissed all of Plaintiff's predicate violations, Plaintiff cannot state a claim under the unlawful business practices prong of the UCL.").

The complaint, however, also alleges, albeit in conclusory fashion, that Caliber engaged in an unlawful and fraudulent pattern and practice of failing to review submitted loan modification applications. ECF No. 1 ¶ 79. To the extent plaintiff intended to allege a claim under the fraudulent prong, she failed to do so as her conclusory allegations fail to comply with Rule 9(b)'s heightened pleading standard. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1123 (9th Cir. 2009) (finding that § 17200 claim based on allegations of fraudulent conduct was subject to Rule 9(b)'s particularity requirement).

Accordingly, plaintiff's § 17200 claim must be dismissed for failure to state a claim. As it is not clear whether plaintiff could allege a § 17200 claim based on unfair or fraudulent acts or practices, she should be granted leave to amend this claim. *Lopez*, 203 F.3d at 1126-27.

IV. Conclusion

Accordingly, it is hereby RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 5) be granted;

2. Plaintiff claims for violation of California Civil Code § 2923.6(c) and (e) (claims one and two) be dismissed without leave to amend;

/////

9

3. Plaintiff's negligence and Cal. Bus. & Prof. Code §§ 17200, *et seq.* claims (claims three and four) be dismissed with leave to amend; and

4. Plaintiff be granted thirty days from the date of any order adopting these findings and recommendations to file an amended complaint as provided herein.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 12, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE